# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| FREDERICK STARKS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:09-CR-99 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the *pro se* Motion for Sentence Reduction filed by Frederick Starks on March 23, 2017 (DE 38). The United States filed a response in opposition to the motion on April 14 (DE 39). Starks did not file a reply brief. For the reasons set forth below, the motion is DENIED.

## DISCUSSION

Frederick Starks was convicted on a charge of illegal possession of a firearm by a felon, in violation of 28 U.S.C. § 922(g)(1). On April 12, 2010, this Court sentenced Starks to a term of imprisonment of 105 months to be followed by a term of three years of supervised release.

Starks filed the present motion less than two months before his scheduled release date from the Bureau of Prisons. In his motion he "moves the Court to review the petitioner['s] supervised release conditions and to modify his sentence as to fit the petitioner." Motion for Sentence Reduction, p. 1. Starks elaborates as follows:

> . . . I have a stipulation that I am not allowed to work [where] alcohol[ic] beverages are being served. At this time the petitioner would like to seek a modification of his sentence of supervised release . Currently the probation sentence is three (3) years. The petitioner is asking the Court to modify his supervised release to one (1) year or two (2) years.

*Id.*, p. 3. Starks cites and discusses a few cases in his brief that hold that district courts are permitted to modify the terms of a defendant's supervised release if such modification is warranted. *Id.*, pp. 1-3. Starks is correct that sentencing courts have the discretion to modify supervised release terms (and, in fact, can do so at any time–before or after a defendant's release from incarceration)[1], but he presents no facts warranting a modification in his case. His motion implies that he wants to work in a business that serves alcohol, although he does not state that he has such a job or where it might be. He also asks the court to shorten his term of supervised release by one or two years, arguing that "[j]ust maybe the sentence of supervised release in this case needs to reflect that of an 3553(A) [sic] consideration. Or perhaps because the case at hand warrants a different sentence regardless." *Id.*, p. 3. In short, Starks wants his term of supervised release modified to permit him to work in an establishment that serves alcohol and he wants it reduced by one-third or two-thirds because a shorter term would be more fair in this case. *Id*.

The government contends that Starks' motion is premature, seeing as it was filed while he was still incarcerated and had not even begun serving his term of supervised release. Government's Response in Opposition, generally. The government explains that:

> While imprisoned at a federal facility, Starks has had an opportunity on two occasions to meet with and discuss his terms of supervised release and living conditions with a U.S. Probation Officer . . . in South Bend. Starks has made no requests to the USPO for any type of modification of his conditions. Once Starks' living arrangements are approved, he will be supervised by a Fort Wayne U.S. Probation Officer.

---

[1] A sentencing court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision[.]" 18 U.S.C.A. § 3583(e)(2).

2

Government's Response, p. 2. The government also states that "'[a] defendant on supervised release may challenge the conditions of his release under 18 U.S.C. § 3583(e)(2), which permit[s] a defendant to request relief from a condition of supervised release on *substantive grounds* such as the condition is substantively unlawful or that it no longer serves the purposes of supervised release.'" *Id.*, p. 3 (quoting *United States v. Hayes*, 2016 WL 1301154 at * 2 (E.D. Wisc. March 31, 2016)) (italics in original). Based on that authority, the government argues as follows:

> Starks' complaint is not to the *legality* of the current conditions of supervision, but to the propriety of the conditions. . . . It seems Starks' requested modifications are premature at this time. Starks has not specifically identified any changed circumstances or elaborated on how the modifications he requests are problematic and should be reassessed. . . . It will be up to the USPO to determine if employment at a bar would be appropriate during [Starks'] term of supervision, to the extent he even has employment in any such establishment. . . . Starks has failed to show the conditions of release stand as a "significant barrier [to] a full reentry into society."

*Id.*, pp. 4-5 (quoting *United States v. Neal*, 810 F.3d 512, 519 (7th Cir. 2016)). Finally, the government notes that "'[a]lthough judges have authority to adjust supervised release conditions at any time, this does not mean that a judge must revise them whenever prisoners ask.'" *Id.*, p. 5 (quoting *Hayes*, 2016 WL 7436141 at * 1 (7th Cir. 2016)).

The government is correct. Not only was this motion premature at the time it was filed, it remains so even though Starks has since been released from incarceration (in approximately mid-May, according to the Probation Office). The Probation Office confirmed to the Court that Starks was released and is now under the supervision of the U.S. Probation Office in Fort Wayne. Starks and his probation officer, if they haven't already, will discuss his circumstances to determine how he can best transition from incarceration back to private life while complying with the

conditions of his release. This is also the most efficient and expeditious way to handle Starks' situation. Accordingly, his motion to modify his sentence will be denied. This ruling does not prevent Starks from moving for modification in the future, assuming he can identify a substantive reason for such a modification *and* assuming he and his federal probation officer are unable to resolve any issues he might face without Court intervention. At this point, though, Starks has failed to present any grounds warranting any modification of his conditions of supervised release.

## CONCLUSION

For the reasons discussed above, the Motion for Sentence Reduction filed by petitioner Frederick Starks (DE 38) is DENIED.

Date: June 26, 2017.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana